NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50262 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02614-LAB-1 |
| v. | |
| LUIS RAMON NORIEGA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 17, 2022[**]

Before:      S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Luis Ramon Noriega appeals from the district court's judgment and

challenges the 14-month sentence imposed upon his second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Noriega contends that the district court procedurally erred by (1) failing to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

explain the sentence adequately; (2) impermissibly imposing the sentence to punish him for his violation conduct; and (3) relying on a clearly erroneous factual finding regarding his intellectual capacity. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The reflect reflects that the court considered the relevant 18 U.S.C. § 3583(e) factors and adequately explained its reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the court did not impose the sentence primarily to punish Noriega, but rather to sanction Noriega's repeated breaches of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Lastly, the court's conclusion that Noriega was capable of complying with the terms of supervision despite his intellectual limitations was not clearly erroneous. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

Noriega next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing the within-Guidelines sentence, which is substantively reasonable in light of the § 3583(e) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

21-50262